[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION AS TO ISSUE ONE ONLY
The "contract" alleged was to save defendant expense in putting advertising in the yellow pages of SNET.
There was an effort by plaintiff to induce defendant to sign an agreement without ever knowing the true goals of plaintiff CT Page 3006 which was to decrease defendant's expense by simply reducing the size of defendant's ads. It is clear defendant never anticipated that its ads would be dramatically reduced in size.
In a letter of August 12, 1993 before the signing of the agreement plaintiff told defendant that it had "several ideas that will result in significant savings in your yellow page advertising." In an enclosure, dated June 26, 1991, with that letter plaintiff claims, "In a great majority of cases, we actually increase the size of the ad." Nothing is said about reducing the size of the ads.
Ford had worked for SNET and was knowledgeable about its yellow page ads. This knowledge included certain terms of art about such ads. Plaintiff never spoke in such terms to defendant.
After the signing of the agreement there is correspondence from plaintiff to defendant indicating that "all of your information has been implemented with the phone company." But none of that correspondence even suggests how it was implemented or that a reduction in the size of the ads was had.
The method for obtaining savings was not put in the agreement or ever disclosed after its signing even though in the agreement plaintiff agrees "to disclose information on how to reduce the directory advertising expense."
The agreement as written makes plaintiff the defendant's exclusive agent. The plaintiff told defendant not to talk to the SNET yellow pages people thus keeping defendant from getting facts from SNET. By planning to keep defendant from getting information from SNET, the ultimate source, plaintiff planned and did keep defendant from the ordinary information about the physical facts of the plaintiff's promise.
As the plaintiff's witness made clear, bigger is almost always better when speaking of such ads.
Plaintiff planned to and deliberately did fail to fulfill its promise to show or disclose that the size of the ads would be reduced.
There is an automatic renewal provision in the agreement which requires plaintiff to "show[s] customer ways to save money." This was never done and plaintiff never planned to do it CT Page 3007
The plaintiff promised the defendant that the "impact" of defendant's ads would not be minimized. Although "impact" could be broadly interpreted, in our context and when combined with plaintiff's expert opinion that "bigger is better", defendant could reasonably expect its ads not to be reduced in size.
Defendant promptly sent a letter to plaintiff complaining about the size of the ads on March 4. 1995 evidencing their claim that under the alleged contract the size of ads was not to be reduced.
Mr. Ford claimed to have, as part of his business, shown customers "various ways to get the best value for their yellow page dollars." Plaintiff clearly never showed defendant how to get such value and never intended to. Plaintiff consistently kept its methods hidden from defendant.
Even if plaintiff did disclose some saving method to defendant, the plaintiff would be hard pressed to prove that defendant saved money because in answer to the question, "you only make money if the client acts on the information" Mr. Ford said yes. But the client is not allowed to act by the "contract" terms. The result is that plaintiff is paid if the defendant acts but the defendant is forbidden to act, except through plaintiff
A promise is "a manifestation of an intention to act or refrain from acting in a specific way." Restatement (Second) of Contracts § 2(1).
The evidence discloses that plaintiff never intended to show defendant ways to save. No doubt it worried that if defendant learned the methods it would go off and act on its own. That potential problem has factual contractual solutions. The simplest being to sign a contract in which plaintiff sets out the methods and defendant promises to pay for any savings resulting from its use of the methods.
The consulting agreement contains a clear promise from plaintiff to defendant that it will "disclose information on how to reduce the advertisers directory advertising expense." Plaintiff never intended to so disclose and never did. In addition plaintiff agrees that payment is only due upon receipt and acceptance of information that results in the saving." Defendant was never given that information. CT Page 3008
There never was a meeting of the minds in regard to this "contract".
O'Neill, J.